IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 1 6 2005

DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| E. PRICE PRITCHETT and PRITCHETT, L.P., | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 4:03-CV-349 |
| NANCY POUND and THE ESTATE OF RONALD EDWARD POUND, | | |
| Defendants. | | |

### ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF ATTORNEY'S FEES AND AWARDING ATTORNEY'S FEES TO PLAINTIFFS AS PREVAILING PARTIES

This matter is before the court on Defendants Nancy Pound and The Estate of Ronald Edward Pound's Motion for Reconsideration of Award of Attorney's Fees, filed on March 23, 2005 [Dkt. #59], Plaintiffs' Response, filed on April 15, 2005 [Dkt. # 65], Defendants' Reply, filed on April 29, 2005 [Dkt. # 68], and Plaintiffs' Sur-reply, filed on May 10, 2005 [Dkt. #69]. Upon consideration of the parties' written submissions, exhibits, affidavits, and the applicable law, the court is of the opinion that Defendants' Motion for Reconsideration should be DENIED.

The Defendants contest the court's authority to award attorney's fees to the Plaintiffs under 17 U.S.C. § 505. Section 505 of the Copyright Act, entitled "Remedies for infringement: Costs and attorney's fees," provides:

[i]n any civil action under this title, the court in its discretion may allow the recovery of

full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Defendants argue the plain language of the Copyright Act limits application of Section 505 to infringement actions. Defendants argue for this limitation based upon the language that states Section 505 only applies to a "civil action under this title." 17 U.S.C. § 505; Defs.' Mot. for Reconsideration at 5. Defendants contend that since there is no civil cause of action in Title 17 to resolve ownership disputes, § 505 does not authorize an award of attorney's fees in a suit involving a declaration of co-ownership. *Id.* at 5-6.

However, the scope of the Copyright Act does not appear to be limited to claims of copyright infringement. This court has previously found that actions involving co-ownership arise under the Copyright Act for purposes of applying Section 507(b), the Act's statute of limitations provision. The court, previously citing *Gaiman v. McFarlane*, 360 F.3d 644, 652-53 (7th Cir. 2004), for the proposition that a determination of co-ownership is a question that "cannot be answered without reference to the Copyright Act, and it therefore arises under the Act," again relies on that language from *Gaiman* to conclude that a declaration of co-ownership is a "civil action under this title" for purposes of Section 505.

The decision to award attorney's fees to the prevailing party under § 505 is within the discretion of the court. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). The court may consider the following factors when making awards of attorney's fees to a prevailing party: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of

compensation and deterrence." *Id.* at 535.

The court held an evidentiary hearing on May 27, 2005 on the issues of whether to award attorney's fees to the Plaintiffs and, if an award is proper, the amount of reasonable fees and costs that should be awarded. Based upon the evidence presented at that hearing, the court finds that the Defendants' claim of co-ownership of the two copyrighted publications was "objectively unreasonable" for three reasons. First, the court finds that Nancy Pound's thirteen year old claim that her deceased husband was a co-owner of the copyrights at issue was clearly barred by limitations.[1] Second, the court finds that Nancy Pound, on May 1, 1995, in return for $1.7 million, signed a full release of all claims she "may have" against Pritchett & Associates, Inc., the corporate predecessor of Pritchett, L.P., a Defendant in this suit. Third, the court finds that Pound made false statements in her motion to remand filed with the U.S. District Court for the Northern District of Texas that ownership of the copyrights was uncontested. *See* Pls.' Ex. 4 at 7, admitted at the May 27, 2005 evidentiary hearing. Consequently, the court finds that an award of attorney's fees to the prevailing parties, E. Price Pritchett and Pritchett, L.P., is proper.

Regarding the amount of reasonable attorney's fees and costs, the court relies upon the "lodestar" method and the additional factors set forth in the case of Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974). In order to determine the "lodestar", the court must find the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. Because counsel for the Defendants testified that he does not

---

[1] Defendants' claims accrued when Price Pritchett asserted sole ownership of the copyrights in 1988 and 1989 and when Pound, as coauthor, knew the books had been published without naming him as a copyright owner. Order Adopting Report & Recommendations granting Motion for Summary Judgment at 2.

contest the reasonableness of the hourly fees charged by counsel for the Plaintiffs, only the number of hours reasonably expended must be calculated.

The court finds that the Plaintiffs' claim for attorney's fees of almost $900,000 should be reduced in order to (1) exclude time spent defending the state court lawsuit seeking an accounting from the date Jones Day assumed representation of the Plaintiffs in state court until the state court lawsuit was stayed; (2) reflect a reasonable expenditure of time spent responding to the Defendants' Motion for Reconsideration of Award of Attorney's Fees; and (3) reflect a reasonable expenditure of time spent arranging an agreed extension of the court's scheduling order.

Concerning the time spent on the state court lawsuit, the court has reviewed the summaries of services attached to Plaintiffs' counsel's invoices in an effort to identify time spent on the state court lawsuit. Exhibit A, attached to this order, details the dollar amount billed for time related to the state court lawsuit along with the last name of the attorney, the dates of work done, the number of hours spent, and the hourly fee charged for the corresponding attorney. As a result of this exercise, the court finds that $255, 506.00 of fees were incurred in connection with the state court lawsuit prior to the time that lawsuit was stayed. However, the court further finds that the work done on the state court lawsuit also benefitted the Plaintiffs in this federal court action, and therefore, in part, reflected time that Plaintiffs would have otherwise expended in the federal court action. Therefore, the court will reduce the amount of attorney's fees claimed by 50% of $255,506.00, or $127, 753.00.

Concerning the time spent by counsel for the Plaintiffs responding to the Defendants' Motion for Reconsideration of Award of Attorney's Fees, the court finds that the expenditure of

204.75 hours, for a total fee of $62,167.50, is unreasonable. The court finds that a reasonable fee for responding to a motion concerning whether or not to award attorney's fees in this case is closer to $10,000.00. Therefore, the court will reduce the amount of attorney's fees requested for preparing a response to this motion by $52,167.50.

Finally, the court is of the opinion that it should not take approximately 7 hours of billable time to arrange an agreed extension of the court's scheduling order. Therefore, the court will reduce by 5 hours the time billed by Plaintiffs' counsel on September 1-3, 2004 for the agreed extension of the scheduling order. The court will subtract 4.5 hours expended by attorney Landrigan at a rate of $220.00 per hour and .5 hours expended by legal assistant James at $160.00 per hour, for a total reduction of $1070.00.

The court finds all other hours spent by counsel for the Plaintiffs to have been reasonably expended and that no other adjustments under the *Johnson* factors should be made. As a result of the above calculations, the court will deduct a total of $180,990.50 in fees from the total claim of $899,603.59 for both attorney's fees and costs, resulting in an award of $718,613.09 to the Plaintiffs as prevailing parties for reasonable attorney's fees and costs. It is therefore ORDERED that Defendants shall pay to Plaintiffs the amount of $718,613.09 within 30 days of this order.

**SIGNED** this 15th day of June, 2005.

*Richard A. Schell*
_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# JANUARY 2003

| Sarosi | | Turner | |
|---|---|---|---|
| Date | Time | Date | Time |
| 1/07/03 | 1.00 | 1/07/03 | 0.50 |
| 1/08/03 | 0.75 | 1/08/03 | 0.75 |
| 1/10/03 | 4.75 | 1/09/03 | 0.25 |
| 1/13/03 | 2.25 | 1/10/03 | 0.50 |
| 1/14/03 | 5.50 | 1/29/03 | 0.25 |
| 1/15/03 | 3.25 | 1/30/03 | 0.25 |
| 1/16/03 | 1.50 | 1/31/03 | 0.25 |
| 1/22/03 | 6.25 | | |
| 1/23/03 | 6.00 | | |
| 1/27/03 | 5.75 | | |
| 1/28/03 | 5.00 | | |
| 1/29/03 | 5.25 | | |
| 1/30/03 | 4.25 | | |
| 1/31/03 | 4.00 | | |

**Sarosi** — 55.5 hours × $220/hour = $12,210

**Turner** — 2.75 hours × $575/hour = $1,581.25

**JANUARY 2003 TOTAL = $13,791.25**

# FEBRUARY 2003

| SAROSI | | GALVAN | | BALLEW | |
|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time |
| 2/02/03 | 3.75 | 2/06/03 | 1.50 | 2/14/03 | 1.75 |
| 2/03/03 | 8.50 | 2/07/05 | 2.00 | | |
| 2/10/03 | 5.00 | 2/14/03 | 0.25 | | |
| 2/11/03 | 7.50 | | | | |
| 2/13/03 | 5.00 | | | | |
| 2/14/03 | 3.00 | | | | |
| 2/16/03 | 4.75 | | | | |

**Sarosi** — 37.5 hours × $220/hour = $8,250

**Galvan** — 3.75 hours × $340/hour = $1,275

**Ballew** — 1.75 hours × $150/hour = $262.50

**FEBRUARY 2003 TOTAL = $9,787.50**

# MARCH 2003

| Galvan | | Sarosi | | Ballew | | Bond | |
|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Date | Time |
| 3/03/03 | 3.00 | 3/03/03 | 2.50 | 3/14/03 | 0.75 | 3/28/03 | 2.50 |
| | | 3/09/03 | 3.75 | | | | |
| | | 3/11/03 | 2.50 | | | | |
| | | 3/12/03 | 4.00 | | | | |
| | | 3/13/03 | 4.00 | | | | |
| | | 3/17/03 | 5.00 | | | | |
| | | 3/18/03 | 5.00 | | | | |
| | | 3/19/03 | 2.00 | | | | |
| | | 3/20/03 | 4.25 | | | | |
| | | 3/21/03 | 4.00 | | | | |
| | | 3/24/03 | 2.50 | | | | |
| | | 3/25/03 | 3.00 | | | | |
| | | 3/26/03 | 6.50 | | | | |
| | | 3/27/03 | 2.00 | | | | |
| | | 3/28/03 | 5.75 | | | | |

**Galvan** — 3.00 hours × $340/hour = $1,020

**Sarosi** — 56.75 hours × $220/hour = $12,485

**Ballew** — 0.75 hours × $150/hour = $112.50

**Bond** — 2.50 hours × $75/hour = $187.50

## March 2003 Total = $13,805.00

# APRIL 2003

| SAROSI ||
| --- | --- |
| Date | Time |
| 4/10/03 | 1.00 |

**Sarosi** — 1.00 hour × $220/hour = $220

### APRIL 2003 TOTAL = $220.00

# MAY 2003

| Galvan | | Turner | | Brown | | Sarosi | | Bostick | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Date | Time | Date | Time |
| 5/8/03 | 1.50 | 5/8/03 | 0.25 | 5/7/03 | 1.75 | 5/1/03 | 1.25 | 5/2/03 | 1.00 |
| | | | | 5/8/03 | 3.50 | 5/2/05 | 1.50 | 5/23 | 1.00 |
| | | | | 5/19 | 1.00 | 5/5/03 | 1.00 | | |
| | | | | 5/28 | 2.00 | 5/19 | 1.25 | | |
| | | | | 5/29 | 7.00 | | | | |

**Galvan** — 1.50 hours × $340/hour = $510

**Turner** — 0.25 hours × $575/hour = $143.75

**Brown** — 15.25 hours × $245/hour = $3,736.25

**Sarosi** — 5.00 hours × $220/hour = $1,100

**Bostick** — 2.00 hours × $148/hour = $296

## May 2003 Total = $5,786.00

# JUNE 2003

| GALVAN | | BROWN | | SAROSI | | ACKERMAN | |
|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Date | Time |
| 6/23/03 | 0.25 | 6/02/03 | 2.25 | 6/10/03 | 2.25 | 6/10/03 | 1.50 |
| 6/24/03 | 0.50 | 6/10/03 | 2.00 | 6/17/03 | 3.50 | 6/11/03 | 5.50 |
| 6/26/03 | 0.50 | 6/12/03 | 1.00 | 6/18/03 | 3.75 | 6/13/03 | 1.50 |
|  |  | 6/16/03 | 0.50 | 6/23/03 | 0.50 | 6/24/03 | 3.00 |
|  |  | 6/17/03 | 1.25 | 6/24/03 | 1.50 | 6/25/03 | 3.00 |
|  |  | 6/18/03 | 5.50 | 6/26/03 | 0.75 | 6/26/03 | 2.00 |
|  |  | 6/19/03 | 2.75 |  |  |  |  |
|  |  | 6/23/03 | 1.25 |  |  |  |  |
|  |  | 6/24/03 | 4.50 |  |  |  |  |
|  |  | 6/25/03 | 0.25 |  |  |  |  |

**Galvan** — 1.25 hours × $340/hour = $425

**Brown** — 21.25 hours × $245/hour = $5,206.25

**Sarosi** — 12.25 hours × $220/hour = $2,695

**Ackerman** — 16.50 hours × $68/hour = $1,122

### JUNE 2003 TOTAL = $9,448.25

# JULY 2003

| GALVAN | | TURNER | | BROWN | | SAROSI | | MCGEE | |
|---|---|---|---|---|---|---|---|---|---|
| **Date** | **Time** | **Date** | **Time** | **Date** | **Time** | **Date** | **Time** | **Date** | **Time** |
| 7/16 | 0.50 | 7/10 | 0.75 | 7/14 | 4.00 | 7/6 | 2.50 | 7/10 | 2.00 |
| 7/18 | 3.50 | 7/16 | 0.50 | 7/15 | 6.50 | 7/10 | 1.00 | 7/11 | 2.00 |
| 7/21 | 1.50 | 7/18 | 0.75 | 7/21 | 7.50 | 7/14 | 3.00 | 7/23 | 2.00 |
| 7/25 | 0.50 | 7/21 | 3.00 | 7/22 | 8.25 | 7/16 | 2.50 | 7/25 | 1.50 |
| 7/30 | 1.00 | 7/22 | 1.50 | 7/23 | 6.75 | 7/17 | 2.00 | 7/28 | 1.50 |
| | | 7/28 | 2.75 | 7/24 | 1.00 | 7/21 | 3.25 | 7/29 | 1.50 |
| | | 7/29 | 3.50 | 7/28 | 0.25 | 7/22 | 1.00 | 7/30 | 1.00 |
| | | 7/30 | 5.50 | 7/30 | 6.75 | | | | |
| | | | | 7/31 | 0.25 | | | | |

**Galvan** — 7.00 hours × $340/hour = $2,380

**Turner** — 18.25 hours × $575/hour = $10,493.75

**Brown** — 41.25 hours × $245/hour = $10,106.25

**Sarosi** — 15.25 hours × $220/hour = $3,355

**McGee** — 11.50 hours × $68/hour = $782

## JULY 2003 TOTAL = $27,117.00

# AUGUST 2003

All hours billed during the August 2003 billing cycle are included herein.

### AUGUST 2003 TOTAL = $18,817.75

# SEPTEMBER 2003

| GALVAN | | TURNER | | BROWN | | TOWLE | | ACKERMAN | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Date | Time | Date | Time |
| 8/15 | 0.50 | 9/03 | 0.75 | 9/11 | 6.50 | 9/19 | 1.50 | 9/12 | 2.00 |
| 8/26 | 3.25 | 9/08 | 0.75 | 9/30 | 6.00 | | | 9/15 | 2.00 |
| 9/23 | 2.00 | 9/22 | 1.25 | | | | | 9/23 | 1.50 |
| | | 9/23 | 1.00 | | | | | 9/24 | 1.00 |

**Galvan** — 5.75 hours × $340/hour = $1,955

**Turner** — 3.75 hours × $575/hour = $2,156.25

**Brown** — 12.50 hours × $245/hour = $3,062.50

**Towle** — 1.50 hours × $180/hour = $270

**Ackerman** — 6.50 hours × $68/hour = $442

**SEPTEMBER 2003 TOTAL = $7,885.75**

# OCTOBER 2003

| GALVAN | | TURNER | | BROWN | | ACKERMAN | |
|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Date | Time |
| 10/06 | 1.25 | 10/24 | 1.00 | 10/01 | 6.50 | 10/07 | 4.00 |
| 10/23 | 0.50 | | | 10/06 | 7.00 | 10/24 | 1.00 |
| | | | | 10/21 | 5.25 | | |
| | | | | 10/22 | 4.50 | | |
| | | | | 10/23 | 4.25 | | |
| | | | | 10/31 | 1.25 | | |

**Galvan** — 1.75 hours × $340/hour = $595

**Turner** — 1.00 hour × $575/hour = $575

**Brown** — 28.75 hours × $245/hour = $7,043.75

**Ackerman** — 5.00 hours × $70/hour = $350

## OCTOBER 2003 TOTAL = $8,563.75

# NOVEMBER 2003

| TURNER | | BROWN | | ACKERMAN | |
|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time |
| 11/11/03 | 0.75 | 11/03/03 | 2.50 | 11/06/03 | 1.50 |
| | | 11/05/03 | 1.00 | | |
| | | 11/11/03 | 2.75 | | |
| | | 11/12/03 | 2.50 | | |
| | | 11/17/03 | 0.25 | | |
| | | 11/26/03 | 2.50 | | |

**Turner** — 0.75 hours × $575/hour = $431.25

**Brown** — 11.50 hours × $245/hour = $2,817.50

**Ackerman** — 1.50 hours × $70/hour = $105

## NOVEMBER 2003 TOTAL = $3,353.75

# DECEMBER 2003

| GALVAN | | TURNER | | BROWN | |
|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time |
| 12/09/03 | 2.00 | 12/03/03 | 1.00 | 12/01/03 | 4.75 |
| 12/15/03 | 1.25 | | | 12/02/03 | 4.25 |
| | | | | 12/09/03 | 3.25 |
| | | | | 12/10/03 | 2.75 |
| | | | | 12/15/03 | 1.75 |
| | | | | 12/16/03 | 1.25 |

**Galvan** — 3.25 hours × $340/hour = $1,105

**Turner** — 1.00 hour × $575/hour = $575

**Brown** — 18.00 hours × $245/hour = $4,410

## DECEMBER 2003 TOTAL = $6,090.00

# JANUARY -- MARCH 2004
| GALVAN | | SLOAN | | TURNER | | LANDRIGAN | | SAROSI | | UPSHAW | | AOS | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (D) | (T) | (D) | (T) | (D) | (T) | (D) | (T) | (D) | (T) | (D) | (T) | (D) | (T) |
| 1/07 | 0.50 | 1/29 | 9.25 | 1/23 | 4.50 | 1/31 | 5.00 | 1/07 | 2.25 | 2/05 | 6.00 | 1/29 | 5.00 |
| 1/19 | 3.00 | 1/30 | 6.25 | 1/30 | 5.00 | 2/01 | 3.75 | 1/12 | 3.00 | | | | |
| 1/20 | 0.50 | 1/31 | 9.50 | 2/02 | 3.00 | 2/02 | 8.25 | 1/14 | 3.00 | | | | |
| 1/23 | 4.00 | 2/02 | 9.00 | 2/03 | 6.00 | 2/03 | 11.50 | 1/17 | 2.50 | | | | |
| 1/24 | 1.00 | 2/03 | 11.25 | 2/05 | 7.50 | 2/04 | 9.25 | 1/20 | 2.00 | | | | |
| 1/25 | 0.25 | 2/05 | 10.0 | | | 2/05 | 5.75 | 1/24 | 3.25 | | | | |
| 1/26 | 5.00 | 2/06 | 7.25 | | | 2/06 | 4.50 | 1/25 | 3.00 | | | | |
| 1/28 | 4.00 | 2/09 | 5.00 | | | 2/10 | 2.00 | 1/26 | 6.00 | | | | |
| 2/03 | 4.00 | 2/10 | 2.25 | | | 2/18 | 2.00 | 1/28 | 9.00 | | | | |
| 2/04 | 12.0 | 2/11 | 7.00 | | | 2/19 | 8.25 | 1/29 | 9.25 | | | | |
| 2/05 | 8.50 | 2/17 | 7.50 | | | 2/20 | 4.00 | 2/02 | 5.00 | | | | |
| 2/06 | 7.75 | 2/19 | 4.50 | | | 3/02 | 3.00 | 2/03 | 4.00 | | | | |
| | | 2/23 | 7.00 | | | 3/05 | 3.00 | 2/05 | 6.25 | | | | |
| | | 2/27 | 1.75 | | | 3/08 | 1.25 | 2/06 | 5.50 | | | | |
| | | 3/22 | 0.75 | | | 3/09 | 4.00 | 2/11 | 2.00 | | | | |
| | | 3/25 | 7.00 | | | 3/10 | 6.25 | 3/26 | 5.50 | | | | |
| | | 3/26 | 5.50 | | | 3/21 | 3.00 | | | | | | |
| | | 3/29 | 1.00 | | | 3/22 | 5.00 | | | | | | |
| | | 4/01 | 4.00 | | | 3/23 | 4.00 | | | | | | |
| | | 4/02 | 4.00 | | | 3/24 | 5.00 | | | | | | |
| | | | | | | 3/26 | 6.50 | | | | | | |
| | | | | | | 3/30 | 6.75 | | | | | | |
| | | | | | | 3/31 | 7.00 | | | | | | |
| | | | | | | 4/01 | 5.75 | | | | | | |

**Galvan** — 50.50 hours × $370/hour = $18,685

**Sloan** — 119.75 hours × $410/hour = $49,097.50

**Turner** — 26.00 hours × $610/hour = $15,860

**Landrigan** — 124.75 hours × $220/hour = $27,445

**Sarosi** — 71.50 hours × $245/hour = $17,517.50

**Upshaw** — 6.00 hours × $235/hour = $1,410

**Aos** — 5.00 hours × $165/hour = $825

## JANUARY -- MARCH 2004 TOTAL = $130,840.00

JANUARY 2003 TOTAL = $13,791.25
+
FEBRUARY 2003 TOTAL = $9,787.50
+
MARCH 2003 TOTAL = $13,805.00
+
APRIL 2003 TOTAL = $220.00
+
MAY 2003 TOTAL = $5,786.00
+
JUNE 2003 TOTAL = $9,448.25
+
JULY 2003 TOTAL = $27,117.00
+
AUGUST 2003 TOTAL = $18,817.75
+
SEPTEMBER 2003 TOTAL = $7,885.75
+
OCTOBER 2003 TOTAL = $8,563.75
+
NOVEMBER 2003 TOTAL = $3,353.75
+
DECEMBER 2003 TOTAL = $6,090.00
+
JANUARY -- MARCH 2004 TOTAL = $130,840.00

---

$255,506.00